UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YU HIN CHAN,<br><br>Plaintiff,<br><br>v.<br><br>KAREN MAY BACDAYAN, KEVIN C. MCCLANAHAN, CARMEN A. PACHECO, DAWN HILL-KEARSE, WAVNY TOUSSAINT, and RE/MAX,<br><br>Defendants. | Case No. 1:25-cv-00598-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Pending before the Court are Plaintiff Yu Hin Chan's Application for Leave to Proceed in Forma Pauperis (Dkt. 2) and Complaint (Dkt. 1). Chan is proceeding pro se. Pursuant to 28 U.S.C. § 1915, the Court considers whether Chan may proceed without prepayment of the filing fee and reviews his Complaint to determine whether it meets the minimum standards required by § 1915(e)(2)(B). For the reasons below, the Court grants the application, dismisses the Complaint without prejudice for failure to state a claim, and allows Chan an opportunity to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or

security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets the plaintiff possesses and that indicates the plaintiff is unable to pay the fee required. The affidavit is sufficient if it states the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide for the plaintiff and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Though a litigant need not be destitute to proceed in forma pauperis, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Esquer v. Educ. Mgmt. Corp.*, 2017 WL 11453700, at *1 (S.D. Cal. June 26, 2017) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).

Chan reports approximately $1,000 in monthly employment income for himself and another $1,000 for his spouse, for a combined household income of $2,000. He reports monthly expenses of $1,050 for himself and $1,100 for his spouse, totaling $2,150. He identifies $40 in cash and checking-account balances of $20 each for himself and his spouse. He reports no real property, vehicles, or other material assets (Dkt. 2 at 2–4). Although Chan does not identify the names of the employers or financial institution, the amounts he provides show that prepayment of the filing fee would impair his ability to meet ordinary living expenses. Accordingly, the Court grants his application to proceed in forma pauperis.

## III. THE SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs, pro se or not, have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### A. Allegations

Chan names Karen May Bacdayan, Kevin C. McClanahan, Carmen A. Pacheco, Dawn Hill-Kearse, Wavny Toussaint, and Re/Max as Defendants. The Complaint contains only three numbered allegations. First, Chan alleges that Re/Max owns the apartment in which he resides, as a former owner stated in a sworn affidavit. Second, he asserts that all Defendants "conspired together and deprived Plaintiff of due process." Third, he states that this Court has jurisdiction "under the RICO Act." He demands $1 billion in damages (Dkt. 1 at 1). The Complaint does not identify any act by any particular Defendant, any relevant date, the nature of the purported conspiracy, the proceeding in which process was denied, or the injury Chan allegedly suffered.

**B. Failure to State a Federal Claim**

Construed liberally, the reference to the Racketeer Influenced and Corrupt Organizations Act (RICO) may be an attempt to assert a civil claim under 18 U.S.C. § 1964(c). To plead a substantive RICO violation under § 1962(c), however, a plaintiff must allege conduct of an enterprise through a pattern of racketeering activity. *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc). A private civil RICO claim also requires injury to business or property caused by a RICO violation. 18 U.S.C. § 1964(c); *see Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Chan alleges no enterprise, predicate racketeering acts, pattern of racketeering activity, or injury to business or property caused by such activity. His bare allegation of a conspiracy also does not supply the missing facts for a RICO conspiracy claim under § 1962(d). Merely invoking RICO does not state a plausible claim for relief.

The allegation that Defendants deprived Chan of due process fares no better. To the extent Chan seeks relief under 42 U.S.C. § 1983, he must allege that a person acting under color of state law deprived him of a right secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint does not identify what protected interest was taken, what procedures were deficient, or what any individual Defendant did. It does not identify any Defendant's official position or allege facts showing that Re/Max, a private entity, acted under color of state law. A conclusory allegation that all Defendants conspired does not, without supporting facts, plausibly establish joint action or any other element of a due-process claim. *See Iqbal*, 556 U.S. at 678. These allegations also fail Rule 8(a)(2)'s requirement that a complaint contain a short and plain statement showing entitlement to relief.

**C. Jurisdiction, Venue**

Although federal RICO and constitutional claims may arise under federal law, the Complaint's invocation of those legal theories does not cure its failure to allege facts supporting them. The Complaint identifies no independent ground for federal jurisdiction over any possible state-law dispute. Moreover, Chan lists a Brooklyn, New York mailing address in his application, while the Complaint does not allege that any Defendant resides in Idaho, that any relevant conduct occurred in Idaho, or that the dispute otherwise has any connection to this District (Dkt. 2 at 1; Dkt. 1 at 1). On this record, the Court cannot determine whether venue is proper in Idaho under 28 U.S.C. § 1391(b), or whether the Court may exercise personal jurisdiction over the Defendants. These matters will require attention if Chan files an amended complaint.

**D. Leave to Amend**

Because the Complaint contains virtually no factual allegations, the Court cannot conclude on this record that every possible amendment would be futile. Chan may file an amended complaint that identifies each claim and its legal basis; explains what each Defendant did or failed to do, when and where; states the harm Chan suffered; and explains why this Court is a proper forum. If Chan intends to assert a RICO claim, he must allege facts supporting the statutory elements, rather than merely cite the Act. If he intends to assert a due-process claim, he must identify the conduct and process challenged and allege facts supporting state action. Any amended complaint must be complete in itself and may not rely upon the original Complaint to supply missing allegations. The Court will screen any amended complaint before directing service.

## V. CONCLUSION

Chan's financial affidavit establishes that he cannot prepay the filing fee without compromising ordinary living expenses. His Complaint, however, does not state a plausible claim against any Defendant. The Court therefore grants the application to proceed in forma pauperis, dismisses the Complaint without prejudice, and allows Chan thirty days to amend.

## VI. ORDER

**IT IS ORDERED** that:

1. Plaintiff Yu Hin Chan's Application for Leave to Proceed in Forma Pauperis (Dkt. 2) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff is **GRANTED** leave to file an amended complaint within **thirty (30) days** after entry of this Order. Any amended complaint must be complete in itself and address the deficiencies identified above. If Plaintiff does not timely file an amended complaint, the Court may dismiss this action without further notice.

4. No summons shall issue and no Defendant is required to respond unless and until the Court screens an amended complaint and orders service.

DATED: November 23, 2026

Amanda K. Brailsford
U.S. District Court Judge